Eugene A. BLATZ, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 2–784A228.

Court of Appeals of Indiana,
Second District.

Dec. 27, 1984.

Susan K. Carpenter, Public Defender, Frances Watson Hardy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Eugene A. Blatz (Blatz) appeals the trial court's denial of his petition for post-conviction relief. The trial court specifically found laches barred Blatz's petition. We reverse.

Blatz's petition challenged his guilty plea to a theft charge entered in May of 1978. In his petition, Blatz alleged the failure of the trial court to properly advise him pursuant to Ind.Code Ann. § 35–4.1–1–3 (Burns 1979). Blatz's guilty plea apparently also constituted one of the convictions supporting a later habitual offender conviction. The State raised laches as an affirmative defense to Blatz's petition.

We find the State failed in its burden to prove prejudice, an element of laches.[1] Indeed, at the post-conviction relief hearing, the State acknowledged its failure to introduce evidence of prejudice:

"I cannot as an officer of the Court state to the Court that this theft case could not be retried. I cannot say that. There was no evidence adduced in that manner, and I'm not saying that the habitual criminal charge could not be retried, although I'm not sure of that...."

Record at 110–111. At the hearing, the State argued the unreasonable passage of time (approximately five years) demonstrated prejudice. Record at 111–12. The trial court correctly found the passage of time alone was insufficient to demonstrate prejudice. Record at 116. *See Twyman v. State* (1984) Ind., 459 N.E.2d 705 at 712. Nonetheless, the trial court found Blatz's delay prejudiced the State based upon the expense of having to re-try at least the theft charge and, possibly, the habitual offender proceeding. Record at 32, 116.

If we accepted the trial court's finding of prejudice based upon the inferred ordinary expense of retrial,[2] a presumption

---

1. The parties and the trial court were aware of the Indiana Supreme Court's February 9th ruling in *Twyman* when the hearing on Blatz's petition was held on February 29, 1984. Record at 104, 108.

2. The record does not contain any evidence of the expense involved in a retrial of either the theft charge or the habitual offender proceeding. Nevertheless, for purposes of this opinion, we are willing to assume there would be the

of prejudice, contrary to the State's burden of proof, would arise in every post-conviction proceeding in which the State asserted laches as a defense. We therefore hold, as a matter of law, the ordinary expense of retrial alone does not demonstrate prejudice.

This cause is reversed and remanded for the entry of judgment on the merits of Blatz's petition for post-conviction relief.

BUCHANAN, C.J., concurs in result.

SULLIVAN, J., concurs.

usual and ordinary expense incurred in any
retrial.